IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 97-50293
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEE ROYAL JAMES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-96-CR-141-ALL
- - - - - - - - - -
February 16, 1998

Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Lee Royal James appeals his conviction and sentence for conspiracy to possess with the intent to distribute crack cocaine and possession with the intent to distribute crack cocaine. 21 U.S.C. §§ 846, 841(a)(1).

He first argues that prosecutorial misconduct during rebuttal argument deprived him of a fair trial. The record reveals that the remarks, when viewed individually or together, did not deprive him of a fair trial, and even if the remarks were prejudicial, the harm was remedied by the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

curative instructions. United States v. Montoya-Ortiz, 7 F.3d 1171, 1178 (5th Cir. 1993).

James also argues that the district court erred in holding him accountable for 111.8 grams of crack cocaine. We find that the district court's drug-quantity calculation was not clearly erroneous. United States v. Bermea, 30 F.3d 1539, 1575 (5th Cir. 1994).

James further avers that the district court abused its discretion by refusing to grant a downward departure because his criminal history points overstated the seriousness of his past criminal conduct. He does not allege that the district court made a legal error or misapplied the guidelines.

This court has jurisdiction to review a defendant's challenge to a sentence only if it was imposed in violation of law; was imposed as a result of a misapplication of the sentencing guidelines; was the result of an upward departure; or was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. 18 U.S.C. § 3742(a). The imposition of a lawful sentence coupled with the decision not to depart from the guidelines provides no ground for relief. Unites States v. Miro, 29 F.3d 194, 198-99 (5th Cir. 1994).

Because James' challenge to his sentence involves only his dissatisfaction with the district court's refusal to grant a downward departure and not a legal error or misapplication of the

guidelines, none of the above statutory factors apply, there are no grounds for relief.

AFFIRMED.